EDWIN F. HOADLEY v. THOMAS F. HOUSE.

*Sale. Rescision of contract.*

A contract of sale cannot be rescinded after delivery simply because the article delivered is not equal in quality to that contracted for. The difference must be one of *kind* or *class*.

In order to rescind a contract of sale on account of a difference in *kind* between the article contracted for and that delivered, notice must be given to the other party thereof as soon as the difference is discovered, and so far as possible, the party seeking to rescind must restore the other party to the condition he was in before the contract was made.

Therefore, where one had sold and disposed of a portion of certain goods, which another party had delivered him upon a contract of sale, before he discovered that the goods delivered were different in kind from those contracted for; and thereupon immediately notified the other party to take the remaining goods back for that reason, and said he would pay him for the portion he had sold; *Held*, that the rescision of the contract was not complete, because the vendee did not *tender* the vendor the value in money of the goods which he had sold.

BOOK ACCOUNT. The auditor reported the following facts:

On the 30th of September, 1857, the plaintiff contracted to sell the defendant a quantity of mess pork at twenty-three dollars per barrel, which the plaintiff was to prepare and deliver at the defendant's store in St. Albans. On the 2d of October, 1857, the plaintiff delivered six barrels and one-half barrel of pork, the barrels being headed up tight and the half barrel being open, and the defendant credited the plaintiff with the contract price of the pork on book account.

It appeared before the auditor that *mess* pork consists solely of the sides of the hogs between the hams and shoulders, with the bone in.

The plaintiff, in filling the barrels of pork which he delivered to the defendant, put in not only mess pork, but also the neck and shoulders and rump pieces of the hogs to the amount of about one-quarter of the whole; and the pork furnished by the plaintiff to the defendant was not worth so much as mess pork by two dollars per barrel.

The pork in the half barrel was all mess pork, and the plaintiff did not discover that the pork in the six barrels differed in any

respect from mess pork until the 21st of October, 1857, when he first opened the barrels. Previous to this time he had sold the pork in the half barrel.

Immediately on making this discovery the defendant notified the plaintiff that the pork was subject to the latter's order because it was not mess pork, and that all the pork was in the defendant's cellar except the half barrel, which he said he had sold, and that he wished the plaintiff to take the six barrels away, and that he would pay him for the half barrel, but the plaintiff refused to take the pork away, and on the same day brought this suit against the defendant.

After the commencement of the suit and about one week before the term of court at which it was returnable, the defendant sent a messenger to the plaintiff, who made him a tender of fifteen dollars for the half barrel of pork which the defendant had used, but the plaintiff refused to receive it.

The fifteen dollars so tendered was sufficient to cover the value of the half barrel of pork and all the costs which had then accrued in the suit. The six barrels of pork remained in the cellar of the defendant until after the trial before the auditor, and were not used by the latter.

Upon this report the county court rendered judgment for the plaintiff for the value of the pork delivered, estimating each barrel to be worth two dollars less than the contract price for mess pork, to which judgment the defendant excepted.

*H. R. Beardsley,* for the defendant.

*H. G. & L. H. Edson,* and *W. W. White,* for the plaintiff.

ALDIS, J. Two questions arise upon the auditor's report: 1st, had the defendant a right to rescind the contract? 2d, if he had the right, did he so exercise it as to enable him to defend against this suit?

I. The report shows that the plaintiff was to deliver the defendant *mess* pork; that the pork he delivered was not mess pork, but was of a different *description* or *kind,* and not merely of a different or inferior *quality;* and that when delivered it was

salted, packed and headed up in barrels, so that the defendant could not discover that it was of a description different from the kind he was to have; that in about two weeks he discovered that it was of a different description of pork from mess pork; that during the two weeks he had used and sold a half barrel which was mess pork, before he could discover the difference of the rest of it from the kind he was to have.

After thus receiving the property and crediting the plaintiff for it on book, and using a part, though but a small part of it, the defendant could not rescind the contract for a mere inferiority in the *quality* of the article. The difference must be one of kind or description. The article must turn out of a different description in kind or class from the article named in the contract. .

It appears from the auditor's report that mess pork has a precise meaning in trade, and comprises only that pork that is taken from the sides of the hog between the shoulders and the hams, and no other part of the animal; and that the pork delivered contained neck, rump and shoulder pieces, in quantity about one-quarter of the whole. It would seem that this was a difference in kind, and not merely in quality, and that the defendant might well say this is not the article the plaintiff was to deliver.

Again, he could not rescind the contract if at the time of the delivery of the article he could have discovered, by the use of ordinary diligence, that it was not of the kind he bargained for. But it would seem that the pork was packed in barrels and the barrels headed up, and that without unpacking he could not discover the defect; and that in a short time he did discover the defect, and then immediately gave notice to rescind and return the property.

Nor could the defendant rescind the contract unless both parties could be put in the same situation in which they were when the contract was made. This seems to be a rule which has been adhered to with great strictness. Hence, when one of the parties has derived a benefit from the enjoyment of the contract, as in the leading case of *Hunt* v. *Silk*, 5 East 449; or may have been injured by the other party's use and possession of the property, though but for a short time, as in *Been* v. *Blandford*, 2 Y. & Jerv. 278, there the contract cannot be rescinded. Hence,

in *Mayer* v. *Dwinell*, 29 Vt. 303, where the right to rescind was reserved in the contract, the use of the property to a greater extent than was necessary to test it, was held to bar the defendant from his right to rescind.

In *Muller* v. *Eno*, 3 Duer 421, it is held that an implication of warranty, attached to a purchase of goods, should last no longer than is reasonably necessary for the examination of the articles.

In *Lyon* v. *Bertram et al.*, 20 How. 150, the cases on this subject are reviewed by Judge CAMPBELL, and the doctrine sustained that if, upon a sale with warranty, the vendee receive a part of the goods sold, and sell them, and then discover the defect, he cannot then rescind the contract and refuse to receive the remainder. His remedy would be by showing his damages in a suit against him, or by commencing an action himself for the breach of contract. But in applying these general principles to the facts of this case, the court do not concur in opinion, and do not therefore pass upon this point, as there is another point in regard to the manner in which the right to rescind was exercised, (granting it to exist) that is decisive of the case in favor of the plaintiff.

If the defendant had the right to rescind, he was bound to exercise the right so as to restore the plaintiff to the condition in which he was when the contract was made. Even if it was the fault of the plaintiff that the pork was so packed as to conceal the defect and oblige the defendant to use some of it before he could discover the defect, and that it was thus owing to the plaintiff's wrongful act that the defendant could not upon rescinding return the whole of the property as he received it; still, it was his duty not only to rescind and to return the property on hand, but also to restore to the plaintiff the value in money of the part he had used. This, perhaps, was all he could do to restore the plaintiff to his former condition, but this much, at least, he was required to do. It was not enough to offer to pay for the half barrel he had sold; he should have tendered to the plaintiff the value of the property he had thus used. This he did not do. He said to the plaintiff that he would pay him for the pork he had used, but he did not tender or offer him any sum whatever by way of payment. The plaintiff was not bound to rely on the defendant's promise to pay him. He had a right to treat the

contract as not rescinded until an actual tender of the money for the property which was not returned. This seems to be the necessary result, taking the most favorable view that we can take of the defendant's right to rescind.

Judgment affirmed.