## ENOS BLIN *v.* HIRAM PIERCE.

The county court have original jurisdiction of an action on book account, where the debit side of the plaintiff's account, as charged, is less than one hundred dollars, at the time when the action is commenced, but where the interest, which the plaintiff is at the same time entitled to demand, would, if charged, raise the debit side of his account above that sum.

Where one of two partners employed the plaintiff in the business of the firm, but did not disclose to him the partnership, and he did not know of its existence, but contracted upon the credit of the individual partner who employed him, it was held, that he might sustain an action, to recover for his services, against that partner alone.

An order, drawn by a creditor upon his debtor, in favor of a third person, for the amount of the debt, operates as an equitable assignment of the debt, notice being given to the debtor, although the debtor neither pays nor accepts the order;—and it is a sufficient consideration for such assignment, that it is made to secure a debt due from the assignor to the assignee.

After an assignment of a *chose in action,* the assignor will not be allowed to defeat the rights of the assignee, whether the assignment be good at law, or only in equity.

Where a debtor, for good consideration and in good faith, executed that which operated as an equitable assignment to a third person of a *chose in action* due to himself, leaving the legal title still in himself, and he afterwards became a bankrupt, under the act of Congress of 1841, it was held, that the claim did not pass to his assignee in bankruptcy, and that, having purchased back the

4

*chose in action* after he had obtained his certificate of discharge in bankruptcy, the legal and equitable title became again united in himself, and he might sustain an action upon it in his own name.*

BOOK ACCOUNT. The suit was brought originally to the county court; judgment to account was rendered, and an auditor was appointed.

At the hearing before the auditor the plaintiff presented his account, which accrued in 1841, and amounted to ninety one dollars and fifty cents, as charged at the time when the action was commenced, and he claimed to be allowed $26,89 as interest,—which was first charged at the hearing before the auditor.

The plaintiff's account was for labor upon a plank road in Canada and for expenses incident thereto. The plaintiff was employed by the defendant alone, and did not know, at the time, that any one was connected, or interested, with the defendant in the construction of the road. Some time after he commenced work, and while performing the labor, he heard that one Dunlap had some connection with the defendant in the business; but how, or what the interest of Dunlap was, he did not learn. Neither the defendant, nor Dunlap, ever informed the plaintiff, that Dunlap was a partner, or interested, with the defendant. It appeared before the auditor, that Dunlap was in fact jointly interested with the defendant, as a partner, in the construction of the road; but that he was not much known by those employed in the work, and had but little to do with the business; that the defendant was the active man in the business, and took the charge of it; and that the plaintiff, through the whole transaction, relied upon the credit of the defendant alone.

In the fall of 1841, and immediately after this account accrued, the plaintiff, being indebted to one Nathan B. Haswell in a sum larger than the amount of this account, and being urged by Haswell to make payment, gave to Haswell, for that purpose, an order upon the defendant for the whole amount of this account, under an agreement that Haswell should collect it, if he could, and apply it in payment of his demand against the plaintiff. Haswell did immediately notify the defendant that he held the order, and requested payment;

*See *Hammond,* Assignee of *Hayden,* v. *Rice,* 18 Vt. 353, and note.

Blin *v.* Pierce

but he never received any thing upon the order, nor did it appear that the defendant ever accepted it. In the spring of 1842 the plaintiff became a bankrupt, under the act of Congress then in force, and in the summer after obtained his certificate of discharge; and, supposing that the account now in suit was absolutely the property of Haswell, he, in good faith, omitted to insert it in his schedule of effects. Haswell was the general assignee in bankruptcy for Chittenden county, and of this plaintiff; but it did not appear, that he ever claimed to enforce this account against the defendant, as assignee. After the plaintiff had obtained his discharge in bankruptcy, he paid the amount of his debt to Haswell and received back this account against the defendant and commenced this suit for his own benefit.

The auditor reported, that, if the plaintiff's claim was not barred by the proceedings in bankruptcy, there was due to him from the defendant $118,39.

The county court, September Term, 1846,—Bennett, J., presiding,—accepted the report and rendered judgment for the plaintiff for the amount found due by the auditor. Exceptions by defendant.

*C. Adams* for defendant.

1. The debit side of the account being but $91,50, the action was not within the jurisdiction of the county court.

2. The partnership of the defendant with Dunlap was a good defence to this suit.

3. This claim was, by the bankruptcy of the plaintiff, transferred to the assignee in bankruptcy, and the right to sue was in him only. Act of Congress of Aug. 19, 1841, sec. 3. The sale and transfer of the claim to Haswell, as alleged, cannot vary the mode of enforcing the claim. Owen on Bank. 125. Neither can the re-purchase of the claim by the plaintiff restore to him the ri... own name.

*Lyman & Chittenden* for plain...

1. The plaintiff's claim, wit... to the commencement of... uniformly allowed, in th...

Blin *v.* Pierce.

*Bates* v. *Starr,* 2 Vt. 536.   *Raymond* v. *Isham,* 8 Vt. 263.   *Evarts* v. *Nason's Estate,* 11 Vt. 127.   The plaintiff, in his declaration, claims more than $100; the suit was brought in good faith; the court will therefore take jurisdiction, though the plaintiff may have misjudged.   *Cooley* v. *Aiken,* 15 Vt. 322.   *Nichols* v. *Packard,* 16 Vt. 91.   *Brainard* v. *Austin,* 17 Vt. 653.

2. If the defendant desired to avoid a personal liability to the men whom he employed, it was his duty to have disclosed his partnership with Dunlap.   *Goddard* v. *Brown,* 11 Vt. 278.

3. The order drawn in favor of Haswell constituted a valid assignment of the plaintiff's claim.   A book debt may be assigned by mere words, without writing.   15 Vt. 490.   17 Johns. 284.   19 Ib. 95.   9 Cow. 115.   An order to pay over money disclosed by a trustee is a good assignment.   *Adams* v. *Robinson,* 1 Pick. 461. *Harrington* v. *Rich,* 6 Vt. 666.   An order, draft, or bill, drawn for the whole amount of a particular fund, is an equitable assignment of such fund after notice to the drawee.   *Mandeville* v. *Welch,* 5 Wheat. 277.   *Mowry* v. *Todd,* 12 Mass. 281.   2 Story's Eq. 311. It cannot be said, that this assignment was void, under the second section of the bankrupt act of 1841 ; for the auditor finds, in terms, that the assignment was made in good faith, and without any intention to defraud creditors.

The opinion of the court was delivered by

BENNETT, J.   We see no objection to the jurisdiction of the county court.   Though the principal of the plaintiff's account was less than one hundred dollars, yet the interest, which was *demandable,* and which the plaintiff charged and claimed before the auditor, raised the claim above that sum.   The plaintiff might probably have brought his action before a justice of the peace by waiving his claim for interest; but he was not bound so to do.   The right to charge ⸻ incident to the account and constituted a proper item ⸻ ⸻port, that Dunlap was not joined in the ⸻ith Pierce, and the credit, in fact, ⸻was no disclosure made to the ⸻ in interest.   Upon such a

state of facts it has been frequently held, that the individual, who made the contract, may be sued alone.

It is claimed, that the right of action passed to the assignee of Blin under the proceedings in bankruptcy; and this probably is the principal question in the case. The plaintiff was indebted to Haswell, in a sum larger than the claim now sued for, and gave him an order upon the present defendant for the full amount of this account, which Haswell was to collect and apply upon his account against the plaintiff. Haswell immediately gave notice to the defendant, that he had such order, and requested payment,—though the defendant neither accepted nor paid the order. The claim now sued for was neither included in the list of the property of the bankrupt, nor claimed by Haswell as his assignee in bankruptcy. The report finds, that Blin acted in good faith, and without any design to defraud his general creditors in bankruptcy by giving a fraudulent preference to Haswell. Upon this question, then, we are to assume the facts to be as reported by the auditor.

It is doubtless true, that if a draft, or order, is drawn on a debtor, for funds of the drawer in his hands, such a draft does not, *at law*, transfer the fund and enable the holder to maintain an action against the drawee, unless the latter accept the draft. But *in equity* we think it would merit a different consideration. It would, in equity, amount to an assignment of the debt, and would be enforced, although the debtor had not assented thereto; and it has long been settled by the courts in this state, as well as by most other judicial tribunals, that, after such an assignment of a *chose in action*, the assignor shall not be allowed to defeat the rights of the assignee; and it makes no difference, in this respect, whether the assignment be good at law, or only in equity.

The position, that there was a valid assignment to Haswell, in equity, of the plaintiff's debt against the defendant, is sustained by many adjudged cases. *Mandeville* v. *Welch*, 5 Wheat. 277, 286. *Tiernan* v. *Jackson*, 5 Pet. R. 598. 2 Story's Eq. 308, § 1044, and cases there cited. It is a sufficient consideration for the assignment, that it was to secure a debt due from the assignor to the assignee. *Ex parte Byas*, 1 Atk. 124.

The plaintiff's account, then, having, in equity, been assigned to Haswell prior to the bankruptcy, the question is, did this demand

pass to the assignee in bankruptcy upon the plaintiff's being declared a bankrupt? The statute is indeed broad, declaring that "all the property and rights of property of the bankrupt, *of every name and nature,* whether real, personal, or mixed, shall pass by operation of law to the assignee." In equity, and for all beneficial purposes, Haswell was the owner of this claim, when the present plaintiff went into bankruptcy, the plaintiff holding the legal interest in trust for him. Under the English statute of bankruptcy it was held, in the case of *Winch* v. *Keeley*, 1 T. R. 623, that a debt due to the bankrupt as trustee did not pass by the assignment. So in *Ex parte Smith,* 3 Swans. 392, where the bankrupt, before the bankruptcy, gave to a creditor an order upon the executor of his debtor to pay the debt to the creditor, and the executor received the order and detained it until he had received sufficient assets, it was held, that the creditor was entitled to recover the debt. And see *Bedford* v. *Perkins,* 3 C. & P. 90, [14 E. C. L. 219.] I am not aware, that our statute should, in this particular, receive a different construction from what has been given to the English statute. It is common for courts to somewhat restrict the general words of a statute, and confine its operation to cases coming within its equity. We do not think it was the intention of Congress to extend the operation of the statute to a demand situated as this was.

When the plaintiff had paid the debt to Haswell and taken back this demand, he then again became possessed of the equitable as well as the legal interest in it.

The result is, the judgment of the county court must be affirmed.