## CHAPMAN *v.* HALEY.

Under the statute of this State, the right is conferred upon any creditor of an insolvent estate to appeal from the allowance by the commissioner of any claim of another creditor, and to defend, with or without the aid of the administrator, any such claim which has been appealed from.

The appealing creditor gives his bond for the security of the estate, and the proceedings go on at the discretion and under the supervision of the court, as the purposes of justice may require. In this case, the motion to dismiss the plea of the defendant in interest was denied by the court.

Harrison Haley, claiming to be the assignee of a promissory note made by said Charles B. French, deceased, dated September 26, 1849, for eleven hundred and fifty dollars, payable to Ebenezer L. Chapman, or order, on demand, with interest, and of a mortgage of the same date, to secure the same by virtue of an assignment thereof, the said note not being indorsed, presented the same to the commissioner, appointed by the court of probate for the county of Rockingham to examine and allow the claims of the creditors against the estate of said deceased, and the same was allowed in full, amounting to $1854.18.

From this report an appeal was claimed by Ebenezer L. Chapman, who was himself a creditor of the estate, upon a judgment recovered against the deceased by William A. Howe & Co., June 25, 1850, for $450.03 debt, and $27.54 cost, which was duly assigned to said Chapman, and whose claim was allowed by the commissioner to the amount of $751.75. Notice of the appeal was duly given by order of the court of probate, to said Harrison Haley, and upon the 25th of April, 1860, he filed his declaration in the name of said Ebenezer L. Chapman, against said administrator upon said note, and gave due notice of the same.

On the 17th of December, 1860, said Ebenezer L. Chapman, in the name of Haley, administrator, filed a plea of the general issue, and with it a plea that the cause of action in the said plaintiff's declaration mentioned, did not accrue to the plaintiff at any time within six years next before the decease of the said Charles B. French; to wit, on the first day of May, A. D. 1859.

The plaintiff in interest then moved that the plea of the statute of limitations be rejected, as a plea of which the administrator alone can take advantage, and which can not be pleaded by another creditor.

*Small,* for the plaintiff, moved to dismiss the plea filed in this case, and supported his motion by the following reasons and authorities:

The pleadings in this case are especially under the control of the court. Comp. Laws 416, sec. 6. An executor or administrator is not bound to interpose the general statute of limitations in bar of the recovery of a demand which is otherwise well founded. *Hodgdon* v. *White,* 11 N. H. 208; *Emerson* v. *Thompson,* 16 Mass. 432; *Brown* v. *Anderson,* 13 Mass. 201; *Banks* v. *Wilkes,* 3 Sandf. Ch. 99; *Atchinson* v. *Robertson,* 3 Rich. Eq. 132; *Kennedy's Appeal,* 4 Barr 149; *Miller* v. *Dorsey,* 9 Ind. 317; *Batson* v. *Merrill,* 10 Humph. 381; *Ritter's Appeal,* 23 Penn. 95. "This is the sound doctrine." 2 Kent 340, note (9th Ed.). And he may revive a debt barred by the general statute of limitations by an acknowledgment or new promise. 11 N. H. 208; 16 Mass. 429; 13 Mass. 201; *Manson* v. *Felton,* 13 Pick. 211; *Baxter* v. *Penniman,* 8 Mass. 133; *Tullock* v. *Dunn,* 21 Com. Law 478; *McCulloch* v. *Dawes,* 22 Com. Law 385. And this acknowledgment binds the estate, so that it may be pleaded in bar against any other person who comes into administration by a subsequent appointment. 16 Mass. 432; 8 Mass. 133; 13 Pick. 201. And this exercise of an administrator's discretion, in not interposing the general statute of limitations, can not be controlled or resisted by the heirs or the purchaser of an heir's interest, for a valuable consideration, and without notice. *Hodgdon* v. *White,* 11 N. H. 208. This discretion is vested by law in the administrator. *Fitz* v. *Thomas,* 1 Wheat. 66; Ang. on Limitations 295. And being a matter of trust and confidence reposed in the administrator as the representative of the estate, it can not be delegated or assigned. Story's Agency, secs. 12 and 13. *A fortiori* it can not be assumed by a stranger or a creditor. If the administrator is guilty of corruption or neglect in not opposing the allowance of an illegal claim by the commissioner, he is liable to an action by the party injured, on his bond, or in an action upon the case. *Parsons* v. *Mills,* 2 Mass. 80. The plea tenders an immaterial issue, and is therefore bad on demurrer. *Quimby* v. *Melvin,* 28 N. H. 265; *Thompson* v. *Fellows,* 21 N. H. 425. In this case such pleas only can be pleaded as the court may allow. The motion, therefore, was the proper mode of raising the question of the validity of the plea.

*Stickney,* and *Christie,* for the defendant, resisted the motion of the plaintiff, and upon the grounds stated, as follows:

The statute gives to one creditor the right to appeal from any claim of another creditor, which has been allowed by the commissioner, and to defend, with or without the administrator, any such claim, which has been appealed from by the administrator or any other creditor. Comp. Stat. 416, secs. 4, 9.

The statute imposes no restriction upon the defense which is to be made, but gives the right to defend without qualification. Such defending creditor therefore, has the right by the statute to plead the statute of limitations or make any other defense which exists against such claim.

The 6th section (Comp. Stat. 416), which provides that such pleadings may be made, issues joined and proceedings had, as the court may direct or allow, was not intended to give to the court the right or power to restrict or limit the grounds of defense to any such claim, but the object of it evidently was to authorize the court to direct such pleadings, issues and proceedings as would be most convenient for trying the questions which might arise in the action.

The case of *Hodgdon* v. *White*, and the other cases cited by the plaintiff, do not apply to this case. In those suits the estates were solvent, in which case it is not denied that the administrator has the sole discretion in allowing and settling claims against the estate. But in this case the estate is insolvent and is settled in that form, and the administrator has no discretion and nothing to do about allowing or disallowing claims. The statute has established another tribunal for that purpose, namely, the commissioner of insolvency, whose duty it is to receive, examine, and allow or disallow all claims against the State. Comp. Stat., ch. 171, 412.

The duties of an administrator of a solvent estate in regard to claims, are widely different from his duties in that respect when the estate is insolvent. In solvent estates the whole duty of allowing claims and of defending actions devolves upon the administrator. The statute does not give to an heir or a creditor the right to object to claims or to defend any action, but the administrator has full power over those matters—he may allow and pay claims which are barred by the statute or have been paid, or may allow judgment to go against him, and no one can interfere to prevent it; if he acts corruptly or improperly, the remedy of the heir is to object to his being allowed for such payments, when he settles his account in the probate court, or by a suit upon his bond for mal-practice. It was probably for this reason that courts have held that an administrator might, by a new promise, waive the statute of limitations. As he had the right to pay the claim or to allow judgment to go against him, if he acknowledged the debt and promised to pay it, there might be some reason in holding that he should not afterward be allowed to make that defense, especially in cases where he has induced the creditor by his promise to delay a suit until after the expiration of six years.

But when the estate is insolvent, the case is widely different. The statute imposes upon the commissioner the duty and responsibility of allowing claims, and gives to the administrator no right to interfere, except to appeal from and defend against claims which he believes to be unjust. This takes from the administrator all discretion and power on the subject; he clearly has no right by the statute to admit any claim or waive any defense to it, either before the commissioner or in the court above. The statute having given to one creditor without restriction the right to appeal from and

defend against the claim of another creditor, it never could have been intended or understood that he was to be limited in the defense which he was to make, or that the administrator should have the right to come in and admit the contested claim or waive any defense to it. If such had been the intention of the legislature, it would have been so provided in express terms. It would be but mockery to give to a creditor the right to appeal from any claim and then limit him in his defense, or to allow the administrator to admit the claim or waive the defense to it.

There is no more reason why an administrator should be allowed to waive the statute of limitations than there is that he should be allowed to waive any other defense. The assets in the hands of the administrator belong to the creditors, and he is only a trustee to collect and hold them for their benefit until the proper time for distribution among them. Although he is a party to the record, yet he is only a nominal party, and ought not to be allowed to interfere in the defense any more than any other nominal party.

The creditor is the real party, and the administrator is merely a trustee for the creditor, and to give him the discretion claimed for him by the plaintiff is like giving to an agent the right to control the will and interest of his principal.

The creditor, whose claim is contested in this case, moves the court to reject the plea of the statute of limitations, on the ground that no one but the administrator, acting on his own account, has the right to make that defense. We deny that position. The administrator is necessarily a party to the record, and consequently the defense must be in his name. The statute having given to a creditor the right to defend, such defending creditor takes the place of the administrator, and has the right to make any defense which the administrator could, unless restricted by the statute, and of course can set up in defense any matter which, by the laws of the land, constitutes a defense, and the other creditor has no right to object. There is no restriction in the statute. The sixth section, referred to by the plaintiff, as before remarked, was only intended to authorize the court to cause the pleadings to be put in a convenient form. It is not necessary or usual for the party pleading to apply to the court in the first instance to direct the pleadings, but he puts in such plea as he thinks proper, and the assent of the court is presumed, as in case of a second plea, pleaded by leave of court. If either party desire the aid of the court in regard to the pleadings, he must apply to the court for that purpose, and show cause for their interference. No evidence is offered to show the propriety or impropriety of making that defense in this case, and it does not appear that the administrator makes any objection to the pleading of that plea. If it be discretionary with the court to allow such plea or not, it is incumbent upon the plaintiff to support his motion by evidence before it can be granted.

We contend that the admissions or declarations of an administrator in such case are not competent, and can not be given in evidence in support of the claim.

It has been held in New-York and Pennsylvania, that an

acknowledgment or promise by an administrator does not bind the estate, so as to take the case out of the statute of limitations or to prevent the administrator from afterward pleading the statute. *Bloodgood* v. *Bruen*, 16 Law Rep. 238; *Steele* v. *Steele*, 14 Law Rep. 503; *Forney* v. *Benedict*, 10 Law Rep. 173; *Fritz* v. *Thomas*, 1 Wharton 67.

The administrator in this case is a brother of the plaintiff in interest, and, it is strongly suspected, is interested in the claim. It will be readily seen how far it would subserve the purposes of justice to give to an administrator thus situated the discretion claimed for him by the plaintiff.

In *Brown* v. *Leavitt*, 26 N. H. 497, the court say, " A claim against the estate of a deceased person, once barred, is cut off entirely, since no person has either power or right to revive it by a new promise or in any other mode."

NESMITH, J.   The case shows that one Harrison Haley, as assignee of Ebenezer L. Chapman, claimed to hold a promissory note signed by said French, deceased, secured by mortgage, which note was not indorsed, upon which there was found due, by the commissioner upon the estate of said French, and was allowed by him, the sum of $1854.18. The said Chapman appears here as the claimant, and as the assignee of a judgment against said deceased, recovered in his life-time, upon which there was allowed by said commissioner the sum of $751.75. From the allowance of the aforesaid claim of Harrison Haley, the said Chapman, as a creditor of the said estate, claimed his appeal. Therefore due notice of such appeal, by order of the court of probate, issued to said Harrison Haley, and he filed his declaration, in the name of the said Chapman, against the said Samuel A. Haley, administrator of the estate of said French.   Subsequently said Chapman, in the name of the administrator, filed his two pleas: namely, 1. The general issue. 2. That the cause of action in the said plaintiff's declaration mentioned, did not accrue within six years next before the decease of said Charles B. French.   The said Harrison Haley appeared as the plaintiff in interest, and said Chapman as the defendant in interest.

Under the power and authority of the 4th section of chapter 172 of the Compiled Statutes, " If any heir or creditor to any estate is dissatisfied with the allowance of any claim, he may appeal therefrom in the same manner the administrator is now authorized to appeal, first filing in the probate office a bond to the satisfaction of the judge, conditioned to indemnify the estate from any cost or damage that may accrue in the prosecution of said appeal."   And, by the 9th section of the same act, " Any creditor may be admitted to defend such action, with or without the administrator, giving such security for costs as the court may order."   The 6th section of the same chapter provides, " That such pleadings may be made, issues joined and proceedings had, as the court may direct and allow."   It can not be doubted, that, under the powers so plainly conferred by statute, the court has the power to direct such issues, and sustain such pleadings, as may tend in the most appropriate

manner to obtain and determine the facts of the case; and the well established practice of the courts in this State seems to be in conformity with the letter and spirit of the statute law on this subject. Our statute, in allowing one creditor to interfere against the allowance of another creditor's claim, evidently contemplates a course of action, that shall not be limited or curtailed by the administrator. The appealing creditor gives his indemnifying bond for the security of the estate, and under the discretion and supervision of the court, the issues are framed, and the subsequent proceedings go on.   For the time being, they are not presumed to be under the direct control of the administrator.   He is not strictly the party most in interest. There may exist cases where the private interests of the administrator may be in conflict with his public trust.   The law wisely protects an interested creditor from any unjust interference or improper influence, on the part of the public officer.   And where there is misfeasance, or nonfeasance in such office, the creditor can come into court, file his bond of indemnity, and claim the protection of the official authority of the administrator, and prosecute his claim to final judgment.   And so long as the creditors of the estate are permitted to contend in court, we see no reason why the administrator should not furnish to either or both the parties litigant all the evidence which his position or connection with the estate enables him to command.   It becomes the manifest duty of the administrator, whenever it is made to appear that any claim against the estate is unjust, to resist it according to his ability, and he is authorized to command the means of the estate to help him so to do.  If, therefore, Chapman can now show the claim of Harrison Haley to be too large, or in any way unjust, the administrator is not to be permitted to interpose his power against the reasonable efforts of Chapman, to show the facts, and the whole truth.   It is possible Chapman may have evidence in his possession unknown to the administrator, and it would behoove the administrator to allow him to place his case before the court before he moves to dismiss his plea.   And if, upon the full presentation of the objections against the plaintiff's claim, they shall be adjudged insufficient by the court, it will be then soon enough for the court to dismiss not only the plea, but, if necessary, the appeal from the docket.  Such are some of the reasons why the motion of the plaintiff seems to us to be now premature.

Beside, under the power expressly granted by the statute before referred to, in our practice, any party who can satisfy the court that he has any right involved in the trial of a case, may be permitted to prosecute and defend an action.   *Carleton* v. *Patterson,* 29 N. H. 586. An assignee has a right to sue in the name of an executor, or administrator of the assignor.   *Baker* v. *Davis,* 22 N. H. 35;   *Grover* v. *Grover,* 24 Pick. 261.

We do not consider it important, at this stage of the proceedings in this case, to examine the question, how far an administrator of an insolvent estate may render himself liable by a promise to pay a debt barred by the statute of limitations, or by a forbearance to set up said statute, when it may be successfully interposed, as neither

of these questions has yet arisen in this case. Nor is it now necessary to consider another important question that may arise here, whether Chapman, as assignor of the plaintiff's claim, having received a consideration for the mortgage debt, can now be permitted to turn round and prevent the recovery from this estate of the money which he (Chapman) may have received from Haley, the plaintiff. Upon this point, it may be considered a clear elementary principle, often confirmed by decisions of courts, that after an assignment be executed, the assignor will not be allowed to defeat the rights of his assignee, whether the assignment be good at law, or only in equity. *Thompson* v. *Emery*, 27 N. H. 272; *McCollum* v. *Coxe*, 1 Dallas 139; *Eaton* v. *Mellus*, 7 Gray 573; *Blenn* v. *Pierce*, 20 Vt. 25; *Compeltz* v. *Bartlett*, 24 E. L. & E. 156.

The motion to dismiss the plea is denied by the court.