## A. P. TOWN'S ADMR. *v.* E. D. WALDO.

*Accord and satisfaction.    Fraud.    Rescission of compromise.    Pleadings.*

1. The defendant obtained a compromise and discharge of a judgment against him by falsely representing that his application for an invalid pension had been finally rejected. *Held,* that the misrepresentation was a material one, and that the contract of compromise was rendered voidable by the fraud.

2. The defendant had paid to the plaintiff $100 and delivered to him a certain heifer in full discharge. *Held,* that the plaintiff could not maintain a suit upon the original judgment without first rescinding the contract of compromise and tendering back the heifer.

3. The action being debt on judgment, plea, accord and satisfaction, replication, fraud, the fact that the heifer was so received in satisfaction, may be shown in defense.

Debt on judgment.  Plea, accord and satisfaction.  Replication, fraud.  Trial by court at the September Term, 1888, Washington County, TYLER, J., presiding.  Judgment for the plaintiff.  The defendant excepts.  The facts appear in the opinion.

*Geo. W. Wing,* for the defendant.

The delivery and acceptance of the heifer constituted a complete accord and satisfaction.  6 Wait, Act. & Def. 409 ; *Fisher* v. *May,* 2 Bibb. 449 ; *Reed v. Bartlett,* 19 Pick. 273 ; *Union Bank* v. *George,* 5 Pet. 99–114 ; *Day* v. *Gardner,* 7 Atl. Rep. 365 ; 1 Add. Con. (1883 Ed.) 536–9 ; *Cobb* v. *Cowdry,* 40 Vt. 25 ; *Babcock* v. *Hawkins,* 23 Vt. 561 ; *Fogg* v. *Mann,* 30 Vt. 573 ; *Bryant* v. *Gale,* 5 Vt. 416 ; 38 N. J. L. 358 ; 51 Ala. 349 ; 20 John. 76 ; 2 Met. 283 ; 29 Miss. 139 ; 19 Pick. 273 ; 1 Wend. 164; 4 Gill. 406 ; 16 Wis. 83 ; 57 N. H. 511 ; 16 John. 86 ; 1 D. & B. 563–5.

There was no legal fraud for the reason that the property as to which the misrepresentation was made could not be reached by the creditor.

If there was fraud the plaintiff cannot urge it without rescinding the contract of compromise and tendering back the property received. *Mattison* v. *Hall et al.*, 45 Vt. 336 ; *Hoadley* v. *House*, 32 Vt. 179 ; *Mayer* v. *Dwinell*, 29 Vt. 303 ; *Downer* v. *Smith*, 32 Vt. 1; 1 Benj. Sales (4th Am. Ed.), ss. 660–2, 649, 650 ; Big. Fr. 73–5 ; *Poor* v. *Washburn*, 25 Vt. 234 ; *Dyer* v. *Tilton*, 23 Vt. 313 ; 45 Vt. 157 ; *Mallory* v. *Leach*, 35 Vt. 156 ; *Kelley* v. *Pember*, 35 Vt. 183 ; 30 Vt. 277 ; 3 Humph. 347–63, 483 ; 52 Mo. 282 ; 53 Ind. 561 ; 1 J. J. Mar. 53 ; 3 Bibb. 52 ; 1 Yerg. 288; 92 U. S. 101 ; 8 Blackf. 409 ; 4 Blackf. 515 ; 1. S. & M. 126 ; 4 DeG. & J. 586 ; 3 Leigh. 113 ; 91 U. S. 45 105 Mass. 551 ; 131 Mass. 153.

*J. P. Lamson*, for the plaintiff.

If a compromise is procured by fraud, the creditor may sue upon the original cause of action. *Paullain* v. *Paullain*, 76 Ga. 420 ; *Richard* v. *Hart*, 6 Vt. 251 ; *Reynolds* v. *French*, 8 Vt. 85 ; *Chester* v. *Baxter*, 29 Vt. 412 ; 6 Vt. 507 ; 100 N. Y. 386; 102 N. Y. 69 ; 6 John. 110 ; *Strong* v. *Strong* (N. Y.), 5 N. E. Rep. 799 ; *Olney* v. *Jackson* (Md.), 4 N. E. Rep. 594 ; *King* v. *Leighton* (N. Y.), 3 N. E. Rep. 149 ; *Magaric* v. *Little*, 23 Blatch. 399 ; *Parmenter* v. *Pater*, 13 Ore. 121 ; *Blair* v. *Chicago Railroad*, 89 Mo. 383 ; *Headly* v. *Hockly*, 50 Mich. 43 ; *Stuart* v. *Ahrenfeldt*, 4 Den. 189 ; *Carter* v. *Connell*, 1 Whart. 392 ; *Stafford* v. *Bacon*, 1 Hill, 532 ; *Doslen* v. *Arnold*, 10 How. Pr. 528 ; *Bourke* v. *Story*, 4 E. D. 54 ; *Anthony* v. *Royal*, 8 Atl. 701.

Where property is delivered in accord and no price fixed, the transaction will be vitiated by fraud, if practiced. *Bull* v. *Bull*, 43 Con. 455.

Since the compromise was effected by fraud the plaintiff is relieved of the necesity of rescinding the contract and tendering back the property. *Smith* v. *Smith*, 30 Vt. 139 ; *Downer* v. *Smith*, 32 Vt. 139 ; *Burke* v. *Spencer*, 58 Barb. 248 ; *Fisher* v. *May*, 2 Bibb. 448 ; *Kelly* v. *Pember*, 35 Vt. 183 ; 9 Allen, 394 ; 23 Me. 202 ; 6 R. I. 479 ; Big. Fr. 418, 421, 426, 427 ; *Leslie* v. *Keepers*, 31 N. W. Rep. 486 ; 1 Am. & Eng. Enc. 106 ; 5 Cush. 126.

The opinion of the court was delivered by

MUNSON, J. The action is debt on judgment, accord and satisfaction are pleaded, and the plaintiff replies that the settlement was procured by fraud.

After taking out execution, Town had several interviews with the defendant about its payment. On these occasions the defendant said he was unable to pay anything, but that if he ever got his pension he could pay. These interviews resulted in talks of compromise, Town being willing to take one-half his claim, and the defendant denying his ability to raise that amount. Town finally requested the defendant to come and see him whenever he was able to pay anything.

The defendant was an applicant for a pension, and his claim had been pending for some time. In April, 1884, he received notice of its rejection. He then took measures to have the case reopened and his claim further considered. On the 2d of July he went to Town's house to effect a compromise. He showed Town the official notice of the rejection of his claim, but said nothing as to what had been subsequently done. Town understood, as the defendant intended he should, that the rejection was final. Acting upon this belief, he agreed upon a settlement of his claim for one hundred dollars and a certain heifer. It was then arranged that the parties should meet the next day to complete the transaction. On reaching home that night the defendant learned that his pension had been allowed. The next day the parties met and executed the settlement, the defendant making no mention of the information he had received.

It is evident that the defendant, after encouraging Town to expect payment in the event of the pension being received, induced him to make the settlement by giving him to understand that the claim had been finally rejected. But it is claimed that the representations made were not such as entitled Town to avoid the settlement, because the pension money to which they related was not property from which a collection of the claim could have been enforced. It is true that money due a pensioner cannot be reached by a creditor while it is in the pension office or is in

Town's Admr. *v.* Waldo.

course of transmission to the pensioner. But after it has been received by the pensioner it is like any other money in his hands. *Martin* v. *Hurlburt*, 60 Vt. 364. After this, its liability to be reached for the payment of debts depends solely upon what may be done with it. The situation of the creditor with reference to it is the same as it would be with reference to a like sum received from any other source. The debtor may keep the money temporarily upon his person, and finally invest it in property exempt from attachment. But he may place it where it will be liable to trustee process, or purchase with it property not exempt.

We are to consider, then, whether a debtor, who has been expecting a sum of money, and has told his creditor that he should be able to pay him if the money was received, can obtain a compromise with the creditor by a false statement that the money is no longer expected, without subjecting himself to the consequences of making a fraudulent misrepresentation. We think the fact that the money might be so disposed of as to be kept beyond the reach of the creditor does not make such a misrepresentation immaterial. The value of a debt does not depend wholly upon the creditor's ability to enforce collection, but is to some extent affected by the debtor's ability to pay. The chances of obtaining voluntary or involuntary payment from one who in fact has property, and is under the necessity of dealing with it in some form, give to a claim against a person so situated a value which it would not have if against one who was absolutely without means of payment. We think the misrepresentation in this case was such as entitled the creditor to avoid the compromise.

This leaves us to consider whether the creditor has so conducted himself that advantage can be taken of the fraud in this suit. The suit is brought upon the judgment, but the heifer received in settlement of the judgment is retained. The claim having been one as to the legality or amount of which there was no dispute, the payment of a part of the money due would have been no consideration for an agreement that such partial payment should be a full satisfaction ; for the creditor was entitled to the money. But having received in the settlement

a specific article to which he was not before entitled, there was a consideration for the settlement, and the satisfaction was complete. *Flagg* v. *Mann*, 30 Vt. 573. Whatever may have been his right as to the money, he was not entitled to credit the heifer and still claim the balance of the debt. If he holds the heifer at all, he holds it under a valid agreement that the debt is paid by it. There is a new agreement, upon a valid consideration not involved in the original transaction; and if he would rescind on the ground of fraud, he must, so far as the heifer is concerned, proceed as in an ordinary case of purchase. On discovering the fraud he must disaffirm the transaction by returning the property received. His failure to do this will prevent a recovery, unless a different disposition of the case is required by the pleadings.

It is claimed that the case cannot be disposed of on the failure to return the heifer, because the matter of the retention of the property is not within the scope of the pleadings. It is said that the issue is confined to the question of fraud, and that when this is determined in favor of the plaintiff judgment for the plaintiff must follow. We think this position is untenable. The plea alleges that the money and heifer were delivered to the creditor, and were received in full satisfaction of the claim. The replication admits that the money and heifer were received, but seeks to avoid the compromise on the ground of fraud. To entitle the plaintiff to recover notwithstanding the compromise, he must show the fraud and a return of the heifer. Whether he could show a return of the property without alleging it in his replication it is not necessary to consider. It was not necessary for the defendant to show that it was not returned. The replication having admitted that the property was received, its retention is to be presumed until the contrary appears. If the defendant could be deprived of the benefit of the finding made from the evidence, the fact that the property was retained would still be in the case. As the heifer was not returned, the suit cannot be maintained.

*Judgment reversed, and judgment for defendant.*