## C. C. JOHNSON v. THOMAS BELANGER.

October Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed November 13, 1911.

*Compromise and Settlement—Rescision on Ground of Fraud— Restoration of Consideration—Necessity—Equitable Assignments—Orders for Whole Fund—Effect.*

Where one has received anything of value in settlement of a right of action, the settlement, though obtained by duress and fraud, bars a recovery at law so long as it is not rescinded by an offer to return the consideration, if it is possible to return it; but, if the thing received as the consideration of the settlement is of no value to either party, he who has received it may effect a rescission by notifying the other party that the former repudiates the settlement, or by suing on the original cause of action.

An order drawn by a creditor on his debtor in favor of a third person for the amount of the debt, and notice thereof to the debtor by the third person, is an equitable assignment of the debt, regardless of whether the debtor pays or accepts the order, and neither the debtor nor the creditor can defeat the third person's rights.

Where, on settlement of their partnership business, defendant owed plaintiff $150, and in settlement thereof gave him an order on defendant's debtor for the amount due from the debtor to defendant on account, which defendant assured plaintiff was more than $150, but the debtor would admit an indebtedness of only $34.90, plaintiff could not rescind the settlement on the ground of fraud, and sue in assumpsit on the original cause of action, without returning or offering to return the order.

GENERAL ASSUMPSIT. Plea, the general issue with notice. Trial by jury at the June Term, 1911, Caledonia County, *Hall,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Harland B. Howe* and *Herbert W. Hovey* for the defendant.

Since the plaintiff did not rescind the contract and offer to return the consideration before the commencement of this suit, the contract of settlement is a bar to the plaintiff's recovery. *Brainard* v. *Vandyke,* 71 Vt. 354; *Town's Admr.* v. *Waldo,* 62 Vt. 18; *Gould* v. *Cayuga Bank,* 86 N. Y. 75; *Bisbee* v. *Ham,* 47 Me. 543.

*Robert W. Simonds* and *J. Rolf Searles* for the plaintiff.

POWERS, J. The partnership which had existed between the plaintiff and defendant was dissolved in 1908. No settlement of their partnership deal was effected until February 22, 1909, when, as the plaintiff's evidence tended to show, the sum of one hundred and fifty dollars was agreed upon by them as the amount due the plaintiff from the defendant. At the same time and as a part of this settlement it was agreed that the defendant should assign to the plaintiff an account against Geo. P. Barrett & Co., which he assured the plaintiff would amount to more than the sum named, and that the plaintiff should accept such assignment in full satisfaction and discharge of this balance so agreed upon. Accordingly, the defendant gave the plaintiff an order on Barrett & Co., therein directing that firm to pay to the plaintiff the amount due the defendant on account. And the plaintiff gave the defendant a writing therein agreeing to accept this account in full settlement of

accounts to date.  The plaintiff presented the order to Geo.
P. Barrett, who was doing business as Barrett & Co., and he
refused to accept it, claiming an offset on account of certain
matters growing out of his deal with the defendant.  Disregarding.
these claims, Barrett & Co. then owed the defendant one hun-
dred and forty-five dollars and fifty cents.  Barrett testified,
in effect, that there was then due the defendant a balance of
only $34.90.

Without returning or offering to return the order referred
to, the plaintiff brought this action of assumpsit, and claimed
at the trial to recover the balance of $150 as upon an account
stated.  The defendant pleaded the general issue with a notice
setting up the order as an accord and satisfaction.  The plaintiff
claimed the right to recover upon the account stated without
regard to the alleged accord and satisfaction, on the ground that
he was induced to accept the order by the fraudulent representa-
ions of the defendant,—and this was one of the issues tried out
before the jury.

It was conceded at the trial that the plaintiff had never·
returned the order, nor offered to do so until just as the trial
began, and that it was then refused by the defendant.

At the close of the plaintiff's evidence, and again at the
close of all the evidence, the defendant moved for a verdict
on the ground that, in view of this failure to return the order,
this action could not be maintained.

It was said by this Court in *Brainard* v. *Vandyke*, 71 Vt.
359, 45 Atl. 758, that it may be taken as settled in this State
that when one has received anything of value in settlement
of a right of action, the contract of settlement, although ob-
tained by duress and fraud, is a bar to a recovery at law so·
long as it is not rescinded by an offer to return the consideration,
in so far as it lies in the power of him who would rescind to do·
so.  But that if the thing received as a consideration for the re-
lease is of no value at law, a rescission may be effected on the
part of him who has the right, by notifying the other party that
he repudiates the settlement, or by instituting legal proceedings ·
against the other party upon the original cause of action.  And
it is held that in order to obviate this necessity of restoration
the thing received must be without value to either party.  *Bas–*

*sett* v. *Brown.* 105 Mass. 551; *Perley* v. *Balch,* 23 Pick. 283, 34 Am. Dec. 56.

In *Northampton Nat. Bank* v. *Smith,* 169 Mass. 281, 61 Am. St. Rep. 283, 47 N. E. 1009, the plaintiff by mistake paid the defendant a certain check of a third person after payment thereof had been stopped by the maker, and sued to recover the amount, without returning the check or offering to do so. It was held that the check, if unpaid, belonged to the defendant and would be useful and valuable to him as an aid in establishing his claim against the signer, and that there could be no recovery.

In *Spencer* v. *St. Clair,* 57 N. H. 9, and *Crossen* v. *Murphy,* 31 Ore. 114, 49 Pac. 858, it is held that a note must be returned before suit on the original cause of action though the maker be insolvent.

It comes to this, then: If this order is a thing of value, either to the plaintiff or to the defendant, its return, or what amounts to that, was a necessary pre-requisite to a rescission of the contract of settlement;—without which rescission no action can be sustained upon the account stated. If the order is without value to either party, the right of rescission did not depend upon its return.

When a creditor draws an order upon his debtor in favor of third person for the amount of the debt, and the latter gives the debtor notice thereof, it operates as an equitable assignment of the debt, though the debtor neither pays nor accepts the order. And in such circumstances, neither the debtor nor the assignor can defeat the rights of the assignee. *Blin* v. *Pierce,* 20 Vt. 25.

We are not called upon to say how it would be if there was in fact no debt for the order to act upon, or even how it would be if that question was in dispute; for here the evidence was uncontradicted to the effect that this order transferred an account of at least $34.90. With the order outstanding, this amount, at least, could only be collected for the benefit of the plaintiff. No arrangement between the debtor and the defendant could defeat his rights. Until he surrendered the order, he alone could release this debt. Whether the defendant considered it good or otherwise when he gave it is immaterial. It operated as an equitable assignment of an account, the amount of which only was uncertain. The order was of value to the

plaintiff in his hands, and would be of value to the defendant if returned to him since he could then collect for his own use whatever amount was his due from Barrett & Co.

Without a restoration of this order, though its acceptance was induced by fraud, the accord and satisfaction evidenced by the receipt hereinbefore referred to was binding and effective, and a verdict should have been ordered for the defendant.

*Judgment reversed and judgment for the defendant to recover his costs.*