GEORGE H. EVARTS ET AL. *v.* ANGUS J. BEATON.

January Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 2, 1943.

*Arthur L. Graves, Reginald B. McShane* and *Frederick G. Mehlman* for defendant.

*Lawrence & O'Brien* for plaintiffs.

JEFFORDS, J. In July, 1934, George H. Evarts met the defendant who was a cattle dealer. The purpose of the meeting was to look at some cattle which the defendant said he owned. As a result of this meeting twelve cows were selected which Evarts agreed to buy of the defendant. Six of these cows were Jerseys and the others were Guernseys. The defendant asked $90.00 each for the Guernseys and $70.00 each for the Jerseys. Evarts gave the defendant the plaintiffs' note for $950.00 as payment for the 12 cows. This note was payable to the order of the Caledonia National Bank of Danville. The plaintiff also executed and delivered a conditional sale note in a like amount to the defendant for the cows but this note apparently plays no part in the issue raised in the case. The next day Evarts obtained the six Jerseys and a few weeks later he went for the Guernseys but did not get them from the defendant at that, or any other time. It appeared that the Guernseys were not owned by the defendant and the owner would not part with them until he was paid in cash which the defendant either could not or would not furnish. The plaintiffs never received any other cows or anything of value in place of the Guernseys although Evarts made more than one attempt to secure the cattle. Several months after the original transaction took place Evarts proposed to the defendant that a new note be made out for the six Jersey cows, the amount to be arrived at by deducting from the original bank note the value of the Guernseys. The defendant would not agree to this and proposed that he give the plaintiffs six other cows in place of the Guernseys but the cows offered were not satisfactory to Evarts and this offer was declined. That was the

last talk between Evarts and the defendant before this suit was brought by writ dated January 25, 1941.

The defendant discounted the bank note at the bank on which it was drawn receiving $449.50 in cash which he used to purchase the Jersey cows above referred to. The bank applied the balance of the amount of the note on direct and indirect obligations of Beaton to the bank. The plaintiffs paid their bank note and have demanded a return of the money from the defendant which demand has not been complied with.

This action was brought for the alleged conversion of the sum of money representing the value of the Guernsey cows. The only ground relied upon as a basis for holding the defendant liable for such conversion was that he had obtained this money by fraud on the plaintiffs through false representation as to his rights of ownership in and to the Guernseys. The defense was a general denial coupled with several special pleas including the statute of limitations. Trial was had by jury with a resulting verdict and judgment for the plaintiffs. The case is here on defendant's exceptions.

At the close of the plaintiffs' case the defendant moved for a directed verdict. The motion contained several grounds only two of which need be considered. The first of such grounds was that there is no evidence of any offer or attempt by the plaintiffs to rescind the contract between them and the defendant. The second was that upon all the evidence in the case the contract between the parties as represented by the notes given is an entire contract. The motion was denied and at the close of all the evidence was renewed and again denied with exceptions to the defendant on all the grounds stated.

■ ■ It is clear that the plaintiffs delivered the bank note to the defendant as a fulfillment of their part of the contract which the parties had entered into. If we assume there was fraud on the part of the defendant in its procurement, the contract so induced was voidable only, not void. *Collins* v. *Estate of Collins,* 104 Vt 506, 513, 162 A 361; *Loverin* v. *Wedge,* 102 Vt 138, 141, 146 A 248. Being voidable merely, the defendant by virtue of the contract obtained title to, and right of possession of the note and the proceeds of the same. *Union Stock Yard & T. Co.* v. *Mallory, etc.,* 157 Ill 554, 41 NE 888, 48 Am St Rep 341; *Doane* v. *Lockwood*

115 Ill 490, 4 NE 500. See also Restatement of Contracts, sec. 475, comment b. This, in effect, is the holding in the Loverin case.

The plaintiffs rely on *McCrillis* v. *Allen*, 57 Vt 505, as authority for the claim that no title or property rights in or to the bank note passed to the defendant by virtue of the contract. An examination of this case discloses a holding substantially as claimed by the plaintiffs. In the Loverin case we expressly overruled a holding in *Hodgeden* v. *Hubbard*, 18 Vt 504, 46 Am Dec 167, similar to that contained in the McCrillis case. Consequently the holding in the latter case in so far as it conflicts with what is stated to be the law in the Loverin case was likewise overruled by that case.

■ Inasmuch as the title which the defendant received to the bank note was voidable, the plaintiffs had the right upon discovery of the fraud to divest the defendant of it by rescinding the voidable contract from whence such title was derived. *Loverin* v. *Wedge, supra; Land Finance Corp.* v. *Sherwin Electric Co.*, 102 Vt 73, 81, 146 A 72, 75 ALR 1025; but this right of rescission could only be exercised by restoring or offering to restore what they had received under the contract, i.e. the six Jersey cows. *Loverin* v. *Wedge, supra; Ward* v. *Marvin*, 78 Vt 141, 143, 62 A 46; *Norton* v. *Gleason*, 61 Vt 474, 478, 18 A 45; *Whitcomb* v. *Denio*, 52 Vt 382, 390; *Downer* v. *Smith*, 32 Vt 1, 7, 76 Am Dec 148. See also Restatement of Contracts sec. 480. It is stated that this right of rescission must be exercised within a reasonable time after the discovery of the fraud. *Ward* v. *Marvin, supra; Whitcomb* v. *Denio, supra.* In the present case it must be taken that the claimed fraud was discovered by the plaintiffs within a few weeks after the making of the contract. There is no evidence nor claim made, that since such discovery any restoration of the cows or offer to restore has been made. As far as it appears from the evidence, the Jerseys are still in the possession of the plaintiffs. Consequently there has been no rescission.

■ It is obvious that rescission was a necessary condition precedent to the bringing of this action for until the defendant had been divested of his rights in and to the bank note and the proceeds thereof such rights would constitute an effective bar to this suit for conversion. Until rescission the action would be brought prematurely. *Doane* v. *Lockwood, supra;* 26 RCL 1137, sec. 48;

65 CJ 66, sec. 107. This principle is also recognized, in effect, in the Loverin case. See also *Poor* v. *Woodburn*, 25 Vt 234, 241, and *Kimball* v. *Cunningham*, 4 Mass 502, 3 Am Dec 230. For the effect of rescission see *Land Finance Corp.* v. *Sherwin Electric Co.*, 102 Vt 73, at the bottom of page 83, 146 A 72, 75 ALR 1025. In this latter case, on page 81, 146 A 72, 75 ALR 1025, rights of a defrauded party to a contract upon discovering the fraud are set forth.

It follows from what we have said that the plaintiffs could not keep the Jerseys and also sue for conversion of the bank note or its proceeds.

The plaintiffs say that if they were attempting to recover the full amount of the note this ground of non-rescission might apply but as they are only seeking to recover a part, it does not. One trouble with this claim is that they apparently treat the contract as being divisible. It is true that Evarts once or twice during his testimony speaks of the agreed price of the Guernseys as being $90.00 each and says that is what he paid for them. On the other hand he also refers to the $950.00 as being the amount he paid the defendant for the twelve cows. The defendant's testimony on both direct and cross examination was to the effect that the total amount of the twelve cows of $960.00 plus the discount on the note of about $28.00 was more than Evarts wanted to pay so they compromised at $950.00. This discount item was recognized by Evarts on his direct examination as having been figured in the price agreed upon. It would seem that the only reasonable conclusion to be reached from all the evidence in the case is that the $950.00 represented a compromise amount for the twelve cows but, in any event, this was the consideration finally agreed upon for all the cows as evidenced by the two notes. Inasmuch as the consideration was single it must be considered that the contract of sale was indivisible and entire. *Taplin & Rowell* v. *Clark*, 89 Vt 226, 229, 95 A 491; *Waite* v. *Stanley*, 88 Vt 407, 410, 92 A 633; *White* v. *White*, 68 Vt 161, 165, 34 A 425; *Fay* v. *Oliver*, 20 Vt 118, 123, 49 Am Dec 764.

The law is well settled that in the case of an entire contract the defrauded party if he desires to rescind must do so *in toto*; he cannot retain what he has received under the contract and thus affirm as to part and then repudiate as to the unfavorable portion of the contract. Contracts, 12 Am Jur 1027, sec. 444; Re-

statement of Contracts, sec. 487. *Crossen* v. *Murphy,* 31 Ore 114, 49 P 858; *Kellogg* v. *Turpie,* 93 Ill 265, 34 Am Rep 163; *Perley* v. *Balch,* 23 Pick. 283, 34 Am Dec 56; *Higham* v. *Harris,* 108 Ind 246, 8 NE 255. See also *Bacon, Recr.* v. *Barber,* 110 Vt 280, 288, 6 A2d 9, 123 ALR 253. This rule of law conclusively refutes the plaintiff's claim that, under the circumstances here existing, there was no need to rescind the whole contract by a return, or an offer of return, of the Jerseys before bringing this suit.

From what we have said it is apparent that the trial court erred in not granting the defendant's motion for a directed verdict on the two grounds stated. Because of our holdings in this respect it becomes unnecessary to consider the other exceptions briefed by the defendant and consequently we have no occasion to state, one way or the other, whether, in our opinion, the only infirmity in the plaintiffs' case consists of their failure to rescind.

The death of the plaintiff George H. Evarts was suggested at the time this case was argued before us. It was conceded by both sides that inasmuch as the other plaintiff, Agnes D. Evarts, and the deceased, were partners at the time the contract was made and continued as such until the death of George the latter's decease could have no bearing on the result of this appeal.

*Judgment reversed and judgment for the defendant to recover his costs.*