## Ernestine V. Theberge v. Canadian Pacific Railway Company

[122 A2d 848]

February Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed May 1, 1956.

194

*Pierce & Drown* for the defendant.

*Raymond L. Miles,* for the plaintiff.

**Hulburd, J.** This case is here on exceptions to the overruling by the trial court of the defendant's demurrer to the plaintiff's complaint. As amended, the plaintiff's complaint contains the following allegations which we will quote so far as is necessary to present the question raised by the defendant's demurrer.

> "The plaintiff was on, to wit, the 1st day of August, 1944, ever since has been and still is the owner of certain lands and premises and the buildings thereon, and the appurtenances thereof, situate in the Town of Newport in the County of Orleans and State of Vermont, to wit: The Emile Brasseur farm, so-called, consisting of * * * *

"On, to wit, May 2, 1951, said plaintiff entered into an agreement with said defendant whereby she, said plaintiff, for herself, her heirs, executors, administrators and assigns, in consideration of the sum of Six Hundred Dollars, [$600.00] and other valuable considerations, to her paid and promised by said defendant granted to said defendant for the period of eight [8] years from the date of said agreement, the right to enter and remove dirt and gravel from the parcel of land described below and containing ten and sixty-four thousandths [10.64 [sic] ] acres and being a part of said farm with the right to lay railway tracks to said parcel from the right of way of the said defendant, and to cut down and remove standing trees and branches on said parcel, and to do all acts necessary to remove said dirt and gravel from said parcel of land described in said agreement as follows, to wit:—" [Description of land omitted]

* * * "There was on, to wit, April 2, 1951, a spring of water on the lands of the plaintiff, which said spring of water was several feet easterly of the last aforesaid parcel of land and which spring was fed by so-called veins of water lying and being in and upon the last aforesaid described parcel of land and which said spring of water supplied a sufficient and adequate supply of water for household and dairy purposes to the buildings on plaintiff's said farm by means of a pipe line between said spring and said buildings, and whereas a portion of said pipe line extended through or near said last described parcel all of which the defendant then and there well knew, and

"For that whereas the said defendant caused to be prepared the aforesaid agreement bearing date of, to wit, April 2, 1951 and caused the same to be executed by it by its agents, Duncan Ives McNeill, its Vice President, and James C. Bonan, its Assistant Secretary on, to wit, the 18th day of April, 1951 and whereas after said execution by the defendant as aforesaid and on, to wit, the first day of May, 1951 the defendant

caused said agreement to be presented to the plaintiff for her signature and acknowledgement at the City of Newport, Vermont. Whereupon the plaintiff refused to sign the same because said agreement contained nothing protecting her from damage to or loss of her said water supply by reason of, or arising from the exercise by the defendant of the rights and privileges obtained by reason of said agreement, and the plaintiff alleges that upon her said refusal to execute and acknowledge said agreement for the reasons aforesaid, the said defendant as an additional inducement to said plaintiff to sign and acknowledge the same, and as a further consideration thereof, then and there orally promised the plaintiff that said defendant would pay all loss and damage suffered by said plaintiff by reason of any damage to or any loss of her said water supply, and in the event the same was lost or damaged to replenish and repair the same or to pay the damages in consequence thereof, whereupon, and relying thereon said plaintiff did, on, to wit, the first day of May, A. D.1951, sign and acknowledge said agreement.

"And for assigning a breach of the aforesaid agreement of the defendant to pay all loss and damage suffered by said plaintiff by reason of any damage to or loss of plaintiff's said water supply and to replenish and repair the same, plaintiff alleges, that after said agreement was executed by the plaintiff and defendant as aforesaid the said defendant entered upon said described [10.64] acre parcel with machinery and by the use of dynamite thereon, excavated and removed dirt, gravel, stones, trees and bushes there from, whereupon and by reason whereof plaintiff's said spring of water and the veins of water supplying it were damaged and the plaintiff's said spring and water supply were greatly damaged and diminished so that the same became and have ever since continued to be insufficient, inadequate and of little or no value to the plaintiff whereby she suffered and continues to suffer damage as follows:" [Items of damage totaling $20,000 follow].

■ ■ At the outset, let us make it clear that in considering the defendant's demurrer to the foregoing declaration, we are confined to the allegations as they appear. The defendant would like to have us go further. It says in its brief that in the written instrument in question, the consideration was stated to be six hundred dollars and that "there is no recital clause of 'and other valuable considerations' as the plaintiff has alleged" in his complaint. However this may be, a demurrer is not aided by facts not appearing in the declaration. *Town of Randolph* v. *Lyon*, 106 Vt 495, 498, 175 A 1. A demurrer admits for the purpose of its consideration facts well pleaded. *Gignac* v. *King*, 118 Vt 413, 416, 111 A2d 42. However, since it is alleged that the written instrument was drawn and executed by the defendant before it was presented to the plaintiff for her signature, it is obvious that the oral promises alleged to have been made at the time of presentation could not possibly have been referred to in the writing; hence the wording of the instrument in that respect and whether or not it contained the words "and other valuable considerations" is without significance.

The defendant assigned the following grounds for its demurrer to the plaintiff's complaint:

1.

"That under the said written agreement an interest in land was granted the defendant, and by virtue of this instrument the defendant acquired the legal right for a period of eight years to enter upon the parcel so conveyed and to do all acts necessary to remove said dirt and gravel from said parcel, including any percolating waters found in the designated area.

2.

"[a] The legal effect of the alleged oral promise would be to reduce the entire agreement to the category of an oral contract which can not be proven in that said contract and alleged promise relate to a contract for an interest in land, and is therefore contrary to the Statute of Frauds, V. S. 1716 [V].

"[b] The alleged oral promise to indemnify the plaintiff was an additional consideration for the signing of said written agreement. It is contrary to the parol evidence rule in that it places an additional servitude upon the defendant's right to take from the granted premises. Under the written agreement the defendant had the unrestricted right to take from the granted premises, but by the alleged oral promise the defendant's right was restricted to such taking as would not interfere with the defendant's water supply, thereby varying the grant of the written instrument. This amounts to a reservation and exception of all percolating waters found within the grant, thereby varying and contradicting the terms of the written contract."

██ Passing over the first ground quoted, we will proceed to "2[a]" and come directly to the question of whether or not the plaintiff is barred by the Statute of Frauds. At the outset it is clear that the right granted the defendant by the plaintiff to remove dirt and gravel constituted a profit a prendre. *Vt. Kaolin Corp.* v. *Lyons*, 101 Vt 367, 376, 143 A 639. Such a right was an interest in the land itself and therefore within the scope of section V of the Statute of Frauds. *Payne* v. *Sheets*, 75 Vt 335, 345, 55 A 656.

Our Statute of Frauds appears as V. S. 47, §1716 and the part pertinent reads as follows:

"An action at law or in equity shall not be brought in the following cases unless the promise, contract or agreement upon which such action is brought or some memorandum or note thereof is in writing, signed by the party to be charged therewith or by some person thereunto by him lawfully authorized.

"V. A contract for the sale of lands, tenements or hereditaments, or of an interest in or concerning them. Authorization to execute such a contract on behalf of another shall be in writing."

██ To comply with the statute, the written memorandum must either by its own language or by reference to some-

thing else, contain such a description of the contract actually made as shall obviate the necessity of resorting to oral evidence in order to supply any terms of the contract essential to its validity. *Essex Chair Co.* v. *Fine Furniture Co.*, 116 Vt 145, 149, 70 A2d 578.

■ If any of these essential terms are altered by a contract not in writing, the entire contract is thereby reduced to the grade of a mere unwritten contract, upon which the statute expressly declares that no action shall be maintained. *Dana* v. *Hancock,* 30 Vt 616, 619.

The plaintiff claims that the alleged oral promise to pay all damage done to the plaintiff's water supply, or replenish or repair the same, was an additional inducement to the plaintiff to sign and acknowledge the instrument in question and a further consideration thereof. Plaintiff's counsel further argues, that, since the oral promise was a part of the consideration, the action was properly brought once the agreement had become fully executed otherwise. He cites cases in which we have held that the seller may maintain an action to recover the price of real estate though not evidenced by any writing, once a deed has been passed.

Before examining the cases cited, as well as others on this subject, it may be helpful to take a glance at the problem from the point of view of historical development. The English statute of frauds [Stat. 29 Car. II, c.3], upon which all American statutes have been closely modelled, was enacted in 1677. Following its enactment, the English courts were not long in holding that the memorandum to be sufficient must contain every essential element or material part of the contract evidenced by it. As to whether the consideration of an agreement was one of these essentials seems to have been a point on which the courts were slow in arriving at a determination. It was not until 1804 that Lord Ellenborough in *Wain et al* v. *Warlters*, 5 East 21, 24, 2 Smith's Leading Cases 305, declared: "It seems necessary for effectuating the object of the Statute that the consideration should be set down in writing as well as the promise." LeBlanc, J., sitting with Lord Ellenborough, was in accord and added that by so holding, "it is better calculated to effectuate the intention of the act, which

was to prevent frauds and perjuries, by requiring written evidence of what the parties meant to be bound by."

*Wain et al* v. *Warlters* was a case involving a promise to pay the debt of another, but the holding was applied generally, without distinction, to the several provisions of the Statute, and it was so adopted by a majority of the American states. So we find Browne in his *Statute of Frauds*, §376, saying: "The memorandum must also contain the express stipulations of the contract. Thus, it must contain the price agreed to be paid for the property sold where the contract contains a stipulation as to price, and when the memorandum states one price, no recovery can be had if it be shown that the parties had really agreed for another; for the true contract is, as to one of its essential elements, left unsupported, the memorandum being shown to be not an accurate statement of the contract which the parties made."

■ Any statute of the nature of the Statute of Frauds is bound in the course of time to suffer somewhat from erosion. As the inevitable hard cases come along, there is a natural tendency of the courts to sacrifice the general purposes of the statute in favor of a plaintiff who seems victimized by its provisions. So it was that in *Smith* v. *Ide*, 3 Vt 290 [1830] this court declined to follow *Wain* v. *Warlters, supra,* and held that the consideration for a guaranty could be shown by parol evidence. In doing so it anticipated the future course of the Statute in England for by a later enactment [19 & 20 Vict. c. 97, s.3] the rule of *Wain* v. *Warlters* was abrogated. The relaxation of the rule expressed in *Smith* v. *Ide, supra,* was not to be extended to the other provisions of our Statute of Frauds. In *Ide* v. *Stanton*, 15 Vt 685, it was held that although price is an essential term of a bargain of sale and must be stated in the memorandum thereof, this is so only when the parties agree on the price. If they leave the price unfixed, the law steps in and fixes it at a reasonable figure, and the memorandum required by the Statute need not state the price, and parol evidence is admissible to determine it. This has continued to be our law to the present. See *Burlington Grocery Co.* v. *Lines*, 96 Vt 405, 407, 120 A 169. Although this case is one concerning personal

property, its holding is generally regarded as being equally applicable to an agreement pertaining to real estate under the Statute. See *Hanlon* v. *Hayes*, 404 Ill 362, 89 NE2d 51, 23 ALR2d 177.

■ It is at this point that counsel for the plaintiff comes forward with an argument concerning a proposition which, at times, cuts across the foregoing rule. Perhaps the basic proposition is best stated by Poland, J. in *Ballard* v. *Bond*, 32 Vt 355, 358: "Notwithstanding the general terms of the Statute of Frauds, it has always been held that when land has been sold and conveyed to the purchaser, the seller may maintain an action to recover the price though not evidenced by any writing. But this is upon the ground that all of the contract which is required by the Statute to be in writing has been fully executed and performed and that the promise to pay the money does not come within the Statute."

This undoubtedly has been our law and still is. Various cases to this effect include: *Hibbard* v. *Whitney*, 13 Vt 21, 23, [dictum]; *Thayer* v. *Viles,* 23 Vt 494, 497; *Davis* v. *Farr*, 26 Vt 592, 596; *Ascutney Bank* v. *Ormsby*, 28 Vt 721, 724; *McGinnis* v. *Cook*, 57 Vt 36, 38; *Bedell* v. *Tracy*, 65 Vt 494, 502, 26 A 1031.

■■ It is to be noted that in all the cases just cited we have a transaction fully executed except for the payment of the price of the land. *Price* is a word narrower in meaning and more restricted in scope than *consideration*. Price has been defined as the consideration in money given for the purchase of a thing. Bouvier's Law Dictionary. On our decided cases, we are committed only to the extent of allowing recovery of the purchase price when the transaction has been otherwise fully executed.

We are asked to go beyond this. The plaintiff here is seeking to recover not price but damages. These damages arise from the breach of an oral promise. The plaintiff insists that the broken promise was a part of the consideration for the conveyance. Having conveyed, the plaintiff says that she is entitled to sue for the consideration just as other grantors have been allowed to sue for price.

In leading up to a discussion of the problem presented to us, we might remark that if the plaintiff were here seeking

to recover damages for the failure of the defendant to issue her a pass over its railroad system in accordance with an oral promise made to her in connection with her conveyance,— if that were the situation with no water rights involved,— then the plaintiff would seem to have a stronger case than the one presented, since the promise to issue a pass could be thought of as collateral, and not like the oral promise here closely bound up with rights in the land, namely, water rights. In short, here, the oral promise creates an obligation attached to the very rights in the real estate which the plaintiff has granted to the defendant.

The case of *Dyer* v. *Graves*, 37 Vt 369, is worthy of study. Except in one respect, its situation parallels the case in hand. The defendant sought to sell a certain piece of land to the plaintiff. As an added inducement to get the plaintiff to buy, the defendant orally guaranteed that the parcel contained a certain number of acres. The plaintiff thereupon bought the land and received his deed. The acreage proved to be short; so the buyer sued for damages for the deficiency. When the seller invoked the Statute of Frauds, the buyer argued that the transaction had become fully executed so far as the Statute was concerned. In effect, the buyer, as in the case at hand, was merely seeking to recover a portion of the consideration after the conveyance had been completely executed. The Court held, however, that the plaintiff was attempting to enforce an oral promise which was within the Statute. There is the following interesting language in the opinion at page 376: "It has been held in several states as well as in this state, that, where the contract for sale of land, or for an interest in land, has been fully executed by a conveyance, payment therefor may be enforced by an action. [Citations omitted] But we think no case is to be found, in which the purchaser upon payment of the purchase money, has been held entitled to maintain an action to recover *damages* of the other party for refusing to convey or perform any other stipulation of the contract touching the sale of land or an interest in land." In logic, there would seem to be no reason for not according a defendant-buyer the same protection accorded a defendant-seller under the Statute.

The case of *Sheehy* v. *Adarene*, 41 Vt 541, is important not in itself but because of a passing reference in a note subjoined to a report of it in the Law Register of June 1869. Slight as the reference is, it showed that its author, Judge Redfield, had certain misgivings. In the review he said: " * * * So, too, where but one side of a contract or agreement is within the Statute, as a contract for the sale of land, for a price agreed to be paid in money, and the portion within the Statute has been performed by conveying the land, there seems no ground to question the right to maintain an action for the recovery of the price stipulated although we thereby give effect to one portion of the contract not in writing * * * *But this must be received with some qualification.*" The case he thereafter suggested is not particularly helpful here. The important thing is that he foresaw that some qualification was going to be needed. In a moment we would like to suggest a case, but first we would like to lead up to it by examining two actual situations.

The first is that in *Hibbard* v. *Whitney*, 13 Vt 21. Here the defendant had bought a piece of land from the plaintiff and had received his deed of it. The plaintiff brought suit claiming that in connection with the conveyance of the land to the defendant, the defendant had orally agreed, as a part of the consideration, to convey certain other land to the plaintiff; in other words, the transaction was to have been an exchange of lands. The plaintiff in effect said: "I have performed. I sue on account of the consideration I was promised." Merely because the oral promise sued on was a part of the consideration did not make it immune to the Statute of Frauds. Nor did the fact that the rest of the agreement had been fully executed put it beyond the reach of the Statute. Recovery was denied. *Hibbard* v. *Whitney, supra,* was followed by *Ballard* v. *Bond*, 32 Vt 355. In that case the defendant purchased a farm of the plaintiff and received his deed. Thereafter the plaintiff sued the defendant alleging that as a part of the consideration it had been orally agreed between the defendant [buyer] and the plaintiff [seller] that if the latter within a year should find a purchaser at a higher price, the defendant would turn about and convey the farm to such purchaser and that

he, the defendant, and the plaintiff would then share equally any gain so realized. The plaintiff alleged that he found a purchaser at an advance, but that the defendant would not convey and perform in accordance with the oral agreement. It was held that the contract was within the Statute of Frauds and that the plaintiff could not recover.

Counsel for the plaintiff does not question the propriety of the decision in the last two cited cases. He points out, quite properly, that, although the plaintiff in each was seeking to recover on a promise which was a part of the consideration of a contract executed on one side, it was a part which in itself consisted of an oral promise to convey and so was barred by the Statute. He argues, however, that these cases represent the only type of case where a plaintiff should be barred from recovery on an oral promise made as a part of the consideration. It is at this point that we would like to suggest a case by slightly altering the facts of *Ballard* v. *Bond, supra.* Assume the facts as before, but this time with a claimed oral agreement in which the defendant promises the plaintiff if you will sell me your farm, I will agree that *if* I re-sell within a year, I will give you one-half of any gain which I may realize. Note the difference: the grantee does not promise to re-sell; he promises to pay to the grantor one-half the profit *only if* he sells and makes one. Here there is no promise to convey as a part of the consideration. If we adopted the reasoning of counsel for the plaintiff, recovery would have to be allowed in the supposed case. It is apparent that such a conclusion would open up a possibility for virtually all of the evils which the court was attempting to avoid in *Ballard* v. *Bond.* It would mean that every grantee who acquired real estate would be exposed to just such a claim on the part of his grantor. It would mean that every conveyance could be vitiated by a claimed oral agreement. The words of a tragic character of Shakespeare come to mind: "That way lies madness."

Nothing about the case in hand, nor the reasoning advanced for it, disposes us to go beyond our previous holdings under which we have allowed an orally stipulated price to be recovered where the contract was otherwise fully executed. Where the consideration itself is executory and touching the

land, we are not disposed to say that the mere execution of the agreement on the other side is sufficient to take the case out of the Statute. To do so, we think, would be to allow much of the mischief which it was the object of the Statute of Frauds to prevent.

No case has been found that is closely factual in point to the present one. We think, however, that the result reached here is harmonious with the tendency of the weight of authority although a considerable number of cases would seem to be opposed. For collections of cases and notes bearing on the matter in hand, see 23 ALR 2d 154; 118 ALR 1505; 80 ALR 541; 29 ALR 1097; 17 ALR 29. See also 49 Am Jur Stat. of Frauds §360; 37 CJS Frauds, Stat. of, §199, page 691.

The question pertaining to the Statute of Frauds was properly raised by the demurrer. *Meach* v. *Stone*, 1 D. Chip. 182, 188. Since we hold that the demurrer should have been sustained on that ground, it becomes unnecessary to consider the other grounds assigned.

*Judgment reversed and judgment for the defendant to recover its costs.*