**Caledonia Sand and Gravel Co., Inc. v. Joseph A. Bass Co.**

[151 A2d 312]

March Term, 1959

Present: **Hulburd, C. J., Holden, Shangraw and Smith, JJ. and Sylvester, Supr. J.**

Opinion Filed May 5, 1959.

162

*Ernest E. Goodrich* for the plaintiff.

*Black, Wilson, Coffrin & Hoff* for the defendant.

**Shangraw, J.** This is an action at law. Plaintiff declared in general assumpsit and filed specifications of its claim reading in part as follows:

> "December 31, 1956—Balance due covering the Victory, Vermont, project (Construction of Facilities, North Concord, Vermont—Bid Serial No. ENG-19-016-55-5) $1790.25 with legal interest from the 31st day of December, A. D. 1956, to date of judgment."

The defendant filed an answer denying liability, and further pleading that on the 31st day of December 1956 the plaintiff for valuable consideration released the defendant of all claims. Thereupon the plaintiff filed a replication to defendant's answer in substance, (1) denying that it, for valuable consideration, released the defendant from the claim set forth in its specifications; (2) denying that it released the defendant from its obligation to pay the sum of $1790.25; (3) alleging that the defendant failed to set forth the consideration upon which the release was made; and (4) further that if the defendant has a release from the plaintiff said release was obtained by * * * "fraud, misrepresentation, mistake, and without the consent of the plaintiff * * *." The defendant then filed a demurrer to plaintiff's replication substantially stating, (a) that the plaintiff had failed adequately to plead that the release was obtained by fraud, misrepresentation, mistake, and without the consent of the plaintiff; (b) that plaintiff had failed to allege that the consideration received for said release had been tendered or returned to the defendant; and (c) that the grounds of plaintiff's replication, if valid in fact, must be by complaint in equity and may not be pleaded at law. Upon hearing defendant's demurrer to plaintiff's replication was sustained, and upon leave given by the court plaintiff filed an amendment to paragraph four of its replication.

Plaintiff's amendment, relating to the alleged fraud, is summarized as follows: On December 31, 1956 the plaintiff executed a sub-contractor's release in favor of the Joseph A. Bass Company stating the consideration to be the sum of $424,873.60 of which $382,484.83 had been paid by the defendant and that the defendant was to pay the sum of $42,-388.77 to the plaintiff on the above date. Only $29,516.52 was paid. It is alleged that the item of $1790.25 (for which plaintiff seeks to recover) was left out of the consideration for the release because the defendant stated to the plaintiff that it "should recover" or "collect" the sum of $1790.25 from the Cass-Warner-Griswold Corporation, a sub-contractor of the defendant and the plaintiff. It is further stated that the defendant, at the time of the execution of the release, failed to inform the plaintiff that it, the defendant, had already released

the Cass-Warner-Griswold Corporation from all obligations and thereby knew that this sub-contractor was not liable for the item of $1790.25. In its amended replication plaintiff further states that had it known these facts it would have included this item in the settlement of December 31, 1956 and that the payment by defendant to the plaintiff would have been $31,306.77 instead of $29,516.52.

The defendant filed a demurrer addressed to paragraph four of plaintiff's replication as amended setting forth that * * * "plaintiff has failed to allege that the consideration, which the said plaintiff admits that it received pursuant to said release, had been tendered or returned to said defendant * * *." The demurrer to plaintiff's replication as amended was sustained, plaintiff allowed exceptions and the cause passed to this court before final judgment in accordance with the provisions of V. S. 47, §2124. The demurrer challenges the adequacy of plaintiff's pleadings upon the ground that there are no allegations that the plaintiff tendered or offered to return the consideration it had received.

■ ■ Under our Practice Act, the function of a demurrer is to test the sufficiency of a pleading in matters of substance only. *Curtis Funeral Home, Inc.* v. *Smith Lumber Co.*, 114 Vt 150, 153, 40 A2d 531; *Standard Register Co.* v. *Greenberg*, 120 Vt 112, 115, 132 A2d 174. A demurrer admits, for the purpose of its consideration, facts well pleaded. *Theberge* v. *Canadian Pacific Railway Company*, 119 Vt 193, 197, 122 A2d 848; *Gulf Oil Corp.* v. *Morrison*, 120 Vt 324, 330, 141 A2d 671.

■ While there is a disagreement among the decisions of other states, and they have been said to be in square and hopeless conflict, the weight of authority is to the effect that, subject to some qualifications and exceptions, a person who executes a release and afterwards seeks to avoid its effect on any ground which will entitle him to avoid it, must ordinarily first restore the status quo by restoring, tendering, or offering to restore what he has received in return for the release, at least where it appears that it is of value. 76 CJS, Release §37a, pages 663, 664. The general reason appears to be that "he may not litigate his claim for damages while clinging to

the fruits of the contract which he affects to disaffirm." *Gilbert* v. *Rothschild*, 280 NY 66, 19 NE2d 785, 788, 134 ALR 1. In this State it may be regarded as a general rule that when one has received anything of value in settlement of a right of action, the contract of settlement, although obtained by duress and fraud, is a bar to a recovery at law so long as it is not rescinded by an offer to return the consideration in so far as it lies within his power to do so. *Brainard* v. *Van Dyke*, 71 Vt 359, 363, 45 A 758; *Johnson* v. *Belanger*, 85 Vt 249, 251, 81 A 621. Also see, *Hoadley* v. *House*, 32 Vt 179; *Downer* v. *Smith*, 32 Vt 1, 7; *Town's Admr.* v. *Waldo*, 62 Vt 118, 122, 20 A 325; *Brezinski* v. *Tyler*, 115 Vt 316, 320, 59 A2d 221. A release is a contract. The law is well settled that in the case of an entire contract the defrauded party, if he desires to rescind, must do so *in toto*; he cannot retain what he has received under the contract and thus affirm as to part and then repudiate as to the unfavorable portion of the contract. *Evarts* v. *Beaton*, 113 Vt 151, 155, 30 A2d 92. This general rule, however, is not inflexible. If the thing received as a consideration for a release is of no value at law to either party a rescission may be effected without its return. *Johnson* v. *Belanger*, 85 Vt 249, 251, 81 A 621.

The plaintiff, in its brief, seeks to justify or excuse its failure to allege a tender or return of the sum of $29,516.52 claiming that the sub-contract was made up of several distinct parts of which the item of $1790.25 was one. This is not supported by the pleadings. Plaintiff's amended replication states that the item of $1790.25 was left out of the final settlement, yet it alleges that had it known of the release from the defendant to Cass-Warner-Griswold Corporation, a sub-contractor of both the plaintiff and defendant, it would have required payment of $31,306.77 instead of $29,516.52. Its claim that the item of $1790.25 was not within the contemplation of the parties at the time the release was given is inconsistent with the pleadings. Moreover, there is no averment in the amended replication that the Cass-Warner-Griswold Corporation was indebted to the defendant. It is merely alleged that the defendant told the plaintiff that it * * * "should recover" * * * "collect" * * * the sum of $1790.25 from the

Cass-Warner-Griswold Corporation. While there is authority that where a release of a claim or claims is intended to relate to only a part of the claim or claims held by the releasor, a failure to tender back the consideration paid does not preclude the enforcement of the balance of the claim or claims. 45 Am Jur, Release, §53, page 713. In this case the pleadings fail to disclose such a state of facts. We construe the release as entire, not divisible. The plaintiff in effect does not desire to repudiate the release—yet seeks to escape its legal consequences. Its contention that no tender or restoration of the consideration was necessary is not tenable. No error appears. The remaining questions presented in the defendant's brief require no consideration in view of our entry.

*The order of the county court sustaining the demurrer is affirmed and the cause remanded.*

**Holden, J.** (concurring). I concur with the conclusion that the demurrer to the replication should be sustained. The facts pleaded do not specifically and affirmatively establish that the defendant was guilty of fraud in the procurement of the settlement of December 31, 1957 to squarely frame triable issues of fact on the claim. I depart from the majority opinion in its holding that the demurrer should be sustained for want of an allegation of restoration or tender.

Whatever the shortcomings of the pleading may be on the issue of fraud, it is manifest that the purpose of the contract of December 31, 1957, referred to as a "Sub-Contractor's Release," was to provide a means for adjustment and settlement of the claims and accounts of the parties under the Victory Construction Project. It further appears that had it not been for the defendant's alleged deception, payment of the claim now sued upon would have been included in the settlement price agreed upon. By its demurrer, the defendant concedes that upon the facts alleged, the payment would have been $31,306.77 instead of the amount $29,516.52 actually paid.

The general rule, stated in the majority opinion, that one who seeks to avoid the effect of a contract made by him must restore what he has received under the agreement, is not

questioned. The sound reason for the rule is to prevent the enrichment of the complainant at the expense of the other contracting party. But the purpose of the rule limits its application. Restatement, Restitution, §65 *a*, Comment *e*. In consequence, the requirement of restoration is subject to several exceptions. Williston, Contracts, (Rev. Ed. 1937), §1530, pp. 4290-4292.

One who attacks an agreement on the ground of fraud is not bound to restore that which he has received under the agreement when he is entitled to retain the avails, whatever the outcome of his claim of fraud. *Brocklehurst & Potter Co.* v. *Marsch*, 225 Mass 3, 113 NE 646, 650; *Leaper* v. *Vaught*, 45 Idaho 587, 264 P 386, 388; *Newark Brass Plate & Engraving Co.* v. *Citizen's National Bank*, 95 NJ Eq 382, 110 A 130; 2 Williston, Contracts, (Rev. Ed. 1937) §1530, p. 4291. The exception applies whether the action is in tort or contract. *Brocklehurst & Potter Co.* v. *Marsch, supra*, 113 NE at 650.

Thus it is here. If the plaintiff can appropriately allege and establish a fraudulent exclusion of the present claim from the settlement and the payment, the payment already made is but a payment on account. If the defendant prevails, and it be ultimately determined that the claim was in truth released, the defendant's obligation has been satisfied in full. In either event, the amount already paid would be properly retained by the plaintiff without any unjust enrichment at the expense of the defendant.

From the record presented, I perceive no reason in law or equity to require a subcontractor to repay the consideration received under a general settlement with the main contractor, in order to recover a fractional amount beyond the settlement, which amount he claims was fraudulently excluded. Upon these facts, restoration is not required.

This is much the same situation that obtained in *Brocklehurst & Potter Co.* v. *Marsch, supra*, 225 Mass 3, 113 NE at 650. In holding there was no obligation to return the consideration received under a subcontractor's release, Chief Justice Rugg observed, "When the reason for the rule does not exist, its dry husk does not stand in the way of reaching a just result."

I would affirm the order sustaining the demurrer and grant the plaintiff leave to amend its allegation of fraud, if it be so advised, without requiring an allegation of restoration or tender.