**Caledonia Sand and Gravel Co., Inc. v. Joseph A. Bass Co.**

( 170 A.2d 627 )

March Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed May 2, 1961

*Ernest E. Goodrich* for the plaintiff.

*Black, Wilson & Hoff* for the defendant.

**Smith, J.** This case comes to this Court for the determination of questions of law passed upon by the Caledonia County Court, and before final judgment, under the provisions of 12 V.S.A. §2836. Notice of appeal was filed by the defendant to the orders of the Caledonia County Court denying the defendant's motion to dismiss

the action on plaintiff's amended replication, and granting the plaintiff's motion to transfer this law action into the Court of Chancery.

This is the second time that this case has been here before us. The case is one in which the plaintiff alleges fraud on the part of the defendant in the obtaining of a release from certain claims from the plaintiff. The alleged fraud is that plaintiff received in part consideration from the defendant for its release a claim which defendant claimed to have against a third party, but which claim did not exist, and which defendant knew did not exist, at the time it was received by the plaintiff as part consideration for its release. The relief sought by the plaintiff is a rescission of the release given, and recovery against the defendant in money damages. A more complete statement of the facts may be found in the prior case of *Caledonia Sand and Gravel Co., Inc.* v. *Joseph A. Bass Co.,* 121 Vt. 161, 151 A.2d 312.

The decision in the first Caledonia case by this Court was a sustaining of the demurrer of the defendant to the replication of the plaintiff. The decision was upon the ground that the pleadings of the plaintiff, at that time, did not disclose any tender or restoration of the consideration received for the release by the plaintiff to the defendant, which this Court held was necessary for the rescission of the contract of settlement. *Caledonia Sand and Gravel Co., Inc.* v. *Joseph A. Bass Co.* (*supra* at pages 166, 167, 168).

After the case was returned to the Caledonia County Court the plaintiff was granted leave by the lower court to amend its replication. The amended replication, filed June 12, 1959, differs in essentials from the prior replication by the addition of one paragraph, which is quoted in full:

"The plaintiff hereby gives notice that it desires to repudiate the release executed on the 31st day of December, A. D. 1956, and the plaintiff hereby offers to return to the defendant the sum of $29,516.52, the amount paid to the plaintiff by the defendant on the 31st day of December, 1956, for the release which was executed by the parties on that day."

On July 17, 1959, the defendant filed its motion to dismiss on the ground that the plaintiff failed to allege that the consideration it had received from the defendant for the release sought to be repudiated had been tendered or returned to the defendant. Hearing was had on the motion of July 26, 1959, and the lower court reserved its ruling.

On August 15, 1960, before the ruling on the motion to dismiss had been made by the lower court, the plaintiff filed a motion to transfer the cause into the Court of Chancery. Defendant filed its reply, objecting to such motion to transfer, on August 30, 1960.

The docket entries of the Caledonia County Court disclose that the lower court disposed of both of these motions on September 7, 1960, by its denial of the motion of the defendant to dismiss the law action, and by its granting of the motion of the plaintiff to transfer the cause into equity.

The question presented to us is, on the motion to dismiss, does the amended replication of the plaintiff now disclose a tender or offer of return of consideration not present in the pleadings in the earlier case presented to us, which will enable the plaintiff to repudiate the release. In considering this question we must apply the law laid down by us in the earlier Caledonia case.

There is no allegation in the amended replication that the plaintiff has returned the consideration it received for its release to the defendant. No statement is made that the plaintiff has tendered the amount received in consideration for the release to the defendant. The most that can be said on the amended replication in this regard is that it contains a bare promise to "offer to return" the consideration to the defendant at a time left unspecified.

But a defendant is not bound to rely upon a plaintiff's promise to return the money paid for the release. A defendant has the right to treat the contract of release as not rescinded until an actual tender of the amount of money paid by it for the release is made by the plaintiff. *Hoadley* v. *House,* 32 Vt. 179, 182. The party seeking to disaffirm the release is required "to return the consideration received insofar as it lies within his power so to do." *Howard* v. *Howard,* 122 Vt. 27, 33, 163 A.2d 861. *Caledonia Sand and Gravel Co., Inc.* v. *Joseph A. Bass Co., supra.* This the plaintiff has not done, nor does he allege in his amended replication that he has done so.

The amended pleading filed by the plaintiff does not allege a state of facts different in legal effect than those presented at the time when the case was first before this Court. The decision before rendered thus becomes the "law of the case." *Perkins* v. *Vermont Hydro-Electric Corporation,* 106 Vt. 367, 415, 177 A. 631. No compliance with the decision in the first Caledonia case that a return or

tender of consideration was necessary to be made by the plaintiff to the defendant for a rescission of the release has been pleaded by the plaintiff in the amended pleadings. Such compliance was necessary for the plaintiff to maintain its action. The lack of it should have resulted in the granting of the motion of the defendant to dismiss the action. The lower court was in error in denying the motion.

But if the only question before us was the correctness of the ruling of the lower court in granting the motion of the plaintiff to transfer its cause into equity, defendant's exception to the granting of that motion would have to be sustained as well.

The facts set forth in the bill of complaint sought to be filed by the plaintiff under its motion to transfer its cause into equity vary but little from those set forth in the first *Caledonia Sand and Gravel Co.* v. *Bass Co.* opinion. The bill does make clearer the issue of fraud than the facts set forth in the plaintiff's replication considered by this Court in the prior case. But the facts set forth in the bill of complaint relative to the release still disclose that the release was a general contract, by means of which the parties "adjusted" differences, including the $1,790.25 item sought to be recovered by the plaintiff. The defendant was to pay the plaintiff the sum of $42,388.77 in full settlement of a sum due from the defendant to the plaintiff of $424,873.60, under a contract between them, of which the defendant had already paid the plaintiff $382,484.83. The relief sought in equity is the same as that sought in the legal action at the time that the first case was before this Court, that is, the recovery of a money judgment of $1,790.25, with interest.

The reasons advanced by the plaintiff for the granting of its motion to transfer the law action to the Court of Chancery are disclosed by the bill to be on the ground that it has no plain, adequate or clear relief at law against the defendant without a return of the consideration received by it for the release given to the defendant.

The bill of complaint sought to be filed by the plaintiff in equity seems to concede that plaintiff has no right to its action, in either law or equity, without a rescission of the contract of settlement, No claim is made that in this jurisdiction equity does not follow the law relative to the necessity of a restoration of consideration as a requisite to the rescission of a contract of agreement. Nor does the plaintiff advance any claim to the contrary, in either its bill of com-

plaint or in its submitted brief. This position is in accord with our law. While we are aware that in other jurisdictions it has been held that it is not necessary for the defrauded party to restore, or offer to restore, what he has received in order to obtain a rescission of a contract or release in an equitable action, this has not been the rule here. Our rule is that one who seeks the cancellation or rescission of a conveyance, contract or other instrument, must, as a condition to his obtaining relief, restore the other party to the position he occupied before the transaction which is sought to be cancelled, the remedy of cancellation, like other forms of equitable relief, being subject to the maxim that he who seeks equity must do equity. *Lariviere* v. *Larocque,* 105 Vt. 460, 469, 168 A. 559, 91 A.L.R. 1514, and cases cited thereunder. The plaintiff has not sought an overruling of this rule by this Court in its brief.

The bill of the plaintiff does not allege any return, or tender of return, of the consideration it received for the contract of release which it seeks to have cancelled. Nor is any offer made by the plaintiff to return to the defendant the consideration it has received for its release in the averments of the bill itself. The bill does not state as a ground for the relief sought that return of the consideration has been made impossible by the fraudulent act of the defendant to excuse its failure of restoration. *Norton* v. *Gleason,* 61 Vt. 474, 480, 18 A. 45.

While the plaintiff has alleged as a ground for disaffirming the contract of release without restoration that to do so would work a hardship upon it, this is not "a return of the consideration received insofar as it lies within his power so to do," an exception to the general rule as stated in *Howard* v. *Howard,* 122 Vt. 27, 28, 163 A.2d 861, and recognized in *Caledonia Sand and Gravel Co.* v. *Bass Co., supra,* at 165.

The plaintiff, in its proposed bill, has advanced no grounds in law or in equity to justify a court of chancery in excusing a return of the consideration received by the plaintiff for the giving of its release. There is no allegation that the sum here sought to be recovered by the plaintiff is a severable item from the accounts adjusted which were covered by the release, which might excuse a return of the entire consideration by the plaintiff to effect a rescission. There is not even an allegation that the plaintiff has attempted to recover the sum sought

from the Cass-Warner Griswold Corporation, nor that such payment was refused by such corporation.

It follows that the motion of the plaintiff to transfer its cause into equity should have been denied, and the granting of such motion by the trial court was in error.

*The orders of the lower court transferring the cause of action into chancery and denying the motion to dismiss the action at law, are both reversed and the cause is remanded to the Caledonia County Court.*